FILED & ENTERED

MAR 04 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re<br>MAGGIE TEH CHI MA,<br><br>Debtor. | Case No. 2:12-bk-45121-RK<br><br>Chapter 7<br><br>Adv. No. 2:13-ap-01370-RK |
|---|---|
| TIMOTHY J. YOO, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MENGXIA DU and MAGGIE TEH CHI MA,<br><br>Defendants. | **MEMORANDUM DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDER** |

Defendants Mengxia Du ("Du") and Maggie Teh Chi Ma ("Ma" or "Debtor") filed the Motion for Summary Judgment (Docket No. 20) (the "Motion") on July 30, 2013, for summary judgment on the claims alleged in Plaintiff Timothy J. Yoo's ("Trustee") complaint (Docket No. 1) (the "Complaint"). The Motion came on for hearing before the undersigned United States Bankruptcy Judge on October 1, 2013. Appearances were made as noted on the record.

By their motion, Defendants seek a determination that Trustee is not entitled to judgment as a matter of law on his claims under federal and state law for: (1) avoidance and recovery of fraudulent transfer; (2) declaratory relief; (3) authorization to sell real property free and clear of interest; and (4) turnover of possession of real property. *See* 11 U.S.C. §§ 544, 548 and 550; California Civil Code, § 3439.01 *et seq.* Trustee in his complaint alleges that in June 2011, Defendants acquired the subject real property located at 11507 Belvedere Court, Cerritos, California, as community property, and by a quitclaim deed recorded on June 9, 2011, Ma transferred her interest in the property to Du as his sole and separate property. *Complaint* at 2, ¶¶ 6-8. Because in his complaint Trustee seeks turnover of the subject property from Du, Trustee bears the burden of proving that the bankruptcy estate is entitled to turnover by a preponderance of the evidence. *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1200-1201 (9th Cir. 2012).

At the hearing on October 1, 2013, the court sustained Trustee's evidentiary objections on grounds that there were no electronic filing declarations accompanying the declarations of Defendants and that Du's declaration did not have his electronic signature. The court overruled Trustee's remaining evidentiary objections. Defendants subsequently cured the defects in their declarations by filing amended declarations on October 3, 2013 (Docket No. 30) (the "Amended Declarations"). No objections were filed to the amended declarations.

The court having reviewed the moving and opposing papers, including the Amended Declarations, as well as the oral and written arguments of the parties, hereby grants the Motion for the following reasons.

A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure ("FRCP") 56(c), incorporated by reference into bankruptcy proceedings by Federal Rule of Bankruptcy

2

Procedure ("FRBP") 7056; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether genuine issues of material fact exists, the evidence must be viewed in the light most favorable to the nonmoving party. *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 456 (1992).

Under California law, record title is presumptively correct. California Evidence Code, § 662("The owner of legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."); *see also, In re Jacobson,* 676 F.3d at 1201. In California, there is no community property presumption where a spouse acquires property in his name alone with the other spouse's consent. *In re Jacobson,* 676 F.3d at 1201, *citing, In re Marriage of Brooks,* 169 Cal. App. 4th 176, 186-187 (2008). Furthermore, under California law, the community property presumption does not apply to property traceable to one spouse's separate property. *In re Jacobson,* 676 F.3d at 1201, *citing, In re Marriage of Haines,* 33 Cal. App. 4th 277, 289-290 (1995).

The court determines it should grant Defendants' Motion because the Trustee has failed to offer evidence sufficient to rebut the presumption of record title and show that Ma had an interest in the subject property. The situation in this case is similar to that in *In re Jacobson*, 676 F.3d at 1201, wherein the Ninth Circuit upheld this court's determination that the Chapter 7 bankruptcy trustee failed to rebut the presumptive correctness of record title under applicable California law in the nondebtor husband in real property acquired during marriage when sale documents listed the husband as sole buyer, the wife executed an interspousal transfer deed confirming the property was the husband's separate property, and the husband used part of a separate property inheritance to make the down payment on the property. 676 F.3d at 1201, *citing inter alia*, California Evidence Code, § 662, and *In re Marriage of Brooks*, 169 Cal. App. 4th at 186-187.

The uncontroverted evidence in this case shows that although Ma and Du were married at the time of the purchase of the subject real property, the funds used for the

3

1  down payment to purchase the property came from Du's mother, who transferred the
2  funds to Du, the nondebtor spouse, who in turn deposited these funds into the Chase
3  bank account in his name, and that these funds were withdrawn by Du for the purpose of
4  using them as a down payment to purchase the subject property in his name for his
5  mother. *Declaration of Mengxia Du in Support of Motion for Summary Judgment*
6  *("Amended Du Declaration"),* filed on October 3, 2013, at 1-2, ¶¶ 1-10, and *Exhibit A,*
7  Grant Deed (copy attached to Du's original declaration attached to the Motion filed on
8  July 26, 2013); *Declaration of Maggie Teh Chi Ma in Support of Motion for Summary*
9  *Judgment ("Amended Ma Declaration"),* filed on October 3, 2013, at 1-2, ¶¶ 1-8.
10 Furthermore, the uncontroverted evidence is that on April 8, 2011, Du took title to the
11 subject property as a married man as his sole and separate property, as evidenced by
12 the Grant Deed indicating that title was so taken. *Amended Du Declaration* at 1, ¶ 2, and
13 *Exhibit A,* Grant Deed (dated March 31, 2011, but executed on April 8, 2011). The
14 uncontroverted evidence also establishes that at about the same time as the Grant Deed
15 was executed, on April 11, 2011, Ma signed a quitclaim deed transferring any interest in
16 the subject property to Du as his sole and separate property. *Amended Ma Declaration*
17 at 1-2, ¶¶ 2-4, and *Exhibit B,* Quitclaim Deed (copy attached to Ma's original declaration
18 attached to the Motion filed on July 26, 2013); *Amended Du Declaration* at 2, ¶¶ 3-4.
19      The Trustee argues that there is a genuine issue of material fact in that Ma's
20 testimony at her 11 U.S.C. § 341(a) meeting of creditors that her name was not put on
21 title because she had bad credit ("I didn't think about put my name on it, because maybe
22 later—well I was going, he [Du] said he want put my name on it, but because I think this
23 the, things that I'm, my bad credit that would probably affect him. That's what I
24 thought."). *Trustee's Opposition,* filed on September 10, 2013, at 3-4, 8, and *Exhibit 3,*
25 Transcription of Section 341(A) Meeting of Creditors, December 6, 2012 at 1:30 p.m.
26 ("341(a) Transcript") at 17. According to the Trustee, Defendants' arguments are
27 erroneous because they are based on inadmissible statements or documents and that
28 their arguments regarding Ma's lack of ownership of the subject property are contrary to

her testimony at the § 341(a) meeting, i.e., "The Debtor testified, among other things, that: (1) Du intended to place the title to the Property in the name of Du and the Debtor, but did not do so because the Debtor had bad credit and would not obtain a loan if her name was on title to the Property; (2) the Debtor had bad credit as a result of a short sale regarding a residence previously owned by the Debtor in Alhambra, California; and (3) Du's mother loaned the money to Du to make the down payment for the property, the loan was made to the joint account of Du and the Debtor, and all of their accounts are joint accounts." *Trustee's Opposition* at 6.

The uncontroverted material facts as established in the moving papers show that Trustee's arguments are unavailing.  First, Defendants filed amended declarations to correct the problems from their electronic signatures on their original declarations, which amended declarations are not objected to, and the court overruled Trustee's other evidentiary objections to Defendants' evidence.  Second, and more importantly, Trustee's opposition failed to address the evidentiary showing made by Defendants that Ma had no interest in the subject property because the property was acquired with separate property funds of Du's mother both in the down payment and the subsequent payments. Although California Probate Code, § 5305(a) states if parties to a bank account are married to each other, their net contributions to the account are presumptively community property, Probate Code, § 5305(b)(1) further provides that this presumption may be rebutted by proving adequate tracing to separate property funds.  California Probate Code, § 5305(b)(1); *cf. Marriage of Braud,* 45 Cal. App. 4th 797, 825-826 (1996).  So even with Ma's testimony that the funds were deposited into the joint accounts of Defendants, Defendants have offered uncontroverted evidence to rebut any presumption of community property under Probate Code, § 5305(a) by tracing the funds to separate property funds belonging to Du and his mother.  As the uncontroverted evidence shows, the money used to purchase the property was transferred to Du's Chase bank account in a series of deposits and wire transfers between May 31, 2011 and June 7, 2011 and to other accounts between December 15, 2011 and October 31, 2012, with money provided

by Du's mother. *Amended Du Declaration* at 2, ¶¶ 5-10 and *Exhibits C-E attached thereto* (exhibits are attached to the original Du Declaration); *Amended Ma Declaration,* ¶¶ 5-6, and *Exhibit C attached thereto; Statements of Maggie Teh Chi Ma, Exhibit 3 to Trustee's Opposition,* 341(a) Transcript at 3-6 (money for down payment on subject property was wired from Ma's mother-in-law, Du's mother). Furthermore, the uncontroverted evidence shows that Du withdrew the money from his Chase bank account for the purpose of using the funds as a down payment for the property. *Amended Du Declaration* at 2, ¶ 9, and *Exhibit D; Amended Ma Declaration* at 2, ¶¶ 5-6. Moreover, as discussed above, the uncontroverted facts show that Du took legal title to the subject property by himself as a married man as his separate property, which title is presumptively correct and rebuttable only upon a showing of clear and convincing proof, and to underscore that the property was solely Du's, Ma contemporaneously executed a quitclaim deed by which she in effect disclaimed any interest in the property when Du acquired the property. See California Evidence Code, § 662; *In re Jacobson, supra.*

There is no evidence in the record before the court indicating any present intention of Defendants to put title in joint name at the time of the purchase of the subject property as indicated by the transfer documents, the Grant Deed from the seller to Du in his name only and Ma's contemporaneous quitclaim deed, making it clear that title was to be in Du's name only, and the statements at the 341(a) meeting by Ma do not indicate any present intention to put title in joint name. See Grant Deed, *Exhibit A to Du Declaration;* Quitclaim Deed, *Exhibit B to Ma Declaration; Statements of Maggie Teh Chi Ma, Exhibit 3 to Trustee's Opposition* at 17. Trustee's assertions in the opposition that Ma testified at the 341(a) meeting that "Du's mother loaned the money to Du to make the down payment for the property and that the loan was made to the joint account of Du and the Debtor" are misstatements of Ma's testimony at the 341(a) in that Ma never said that the money wired by Du's mother for the down payment on the subject property was a loan or that the loan was made to Defendants' joint accounts. *See Trustee's Opposition* at 6, 16-21.

6

Accordingly, the court therefore concludes the Trustee's evidence does not raise a genuine issue of material fact because the evidence is uncontroverted that the title documents, presumptively correct under state law, showed the property as Du's sole and separate property, Ma executed a quitclaim deed confirming the property was Du's separate property, and Du used funds traceable to his separate property for the down payment and subsequent payments on the property. California Evidence Code, § 662; California Family Code, § 760; *In re Jacobson*, 676 F.3d at 1201. Accordingly, the court determines that Trustee has not offered any material evidence to rebut the presumptive correctness of record title and to raise any genuine issue regarding the material fact that Ma never had an ownership interest in the subject property to meet his burden of proving entitlement to turnover by a preponderance of the evidence on his claims in the complaint (although the court applies the preponderance of the evidence standard here, it also notes that California Evidence Code, § 662, imposes a more stringent burden of clear and convincing evidence on the Trustee to rebut the presumption of record title in Du).

For the foregoing reasons, the court now concludes that there is no genuine issue as to any material fact, and that Defendants are entitled to judgment as a matter of law on the claims stated in the Trustee's Complaint. Therefore, the court hereby grants Defendants' Motion for Summary Judgment and will enter a separate judgment concurrently herewith.

IT IS SO ORDERED.

###

Date: March 4, 2014

_____
Robert Kwan
United States Bankruptcy Judge